ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 MAY 21 P 4:11
CLERK B McCarthy
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MARVIN CHISOLM, )
)
    Plaintiff, )
)
v. ) CV 106-025
)
FRANCIS J. HARVEY, et al., )
)
    Defendants. )

O R D E R

This matter is before the Court on Defendants' motion to dismiss the case for lack of subject matter jurisdiction. (Doc. no. 7.) In the alternative, Defendants argue that they are entitled to summary judgment. Also pending is Plaintiff's motion for summary judgment. (Doc. no. 13.) Upon the following, Defendants' motion to dismiss is **GRANTED**, this case is **DISMISSED** without prejudice for lack of jurisdiction, and Plaintiff's motion for summary judgment is **DENIED**.

I. BACKGROUND

Plaintiff, who served in the Army and the Army Reserve from 1975 until his honorable discharge in 1996, brought the captioned case pro se. (See Administrative Record (hereinafter "R.") at 161, 374, 378.) Plaintiff has sued the Secretary of the Army and the members of the Army Board for Correction of

DHB (40)                                                         CCC:

Military Records ("ABCMR"), arguing that the ABCMR wrongfully failed to expunge a "Relief for Cause" Noncommissioned Officer Evaluation Report ("NCOER" or "the report") for the period of June 1989 through September 1989. (See R. at 213.) Plaintiff appealed the unfavorable report to the Commander of the Army Enlisted Records and Evaluation Center; the appeal was denied on October 18, 1990. (R. at 296.) Following Plaintiff's 1996 discharge, Plaintiff embarked on a campaign to have his military records corrected.

Plaintiff first sought relief from the ABCMR on March 29, 1998, arguing that he was entitled to expungement of the report and retroactive promotion to Sergeant First Class. (See R. at 89, 229.) Plaintiff, who retired with the rank of Staff Sergeant, contended that he was entitled to back pay and allowances because he would have been promoted to Sergeant First Class if not for the unfair report. (Id.) The ABCMR denied his request on November 30, 1998. (R. at 87.)

Plaintiff sought the same relief from the ABCMR on March 13, 2002; his request for reconsideration was denied on June 19, 2002. (R. at 79.) Undeterred, Plaintiff contacted the ABCMR again on January 8, 2003; his request was denied again on August 26, 2003. (R. at 325.) Plaintiff then wrote a letter to United States Senator Saxby Chambliss, who forwarded the correspondence to the ABCMR. (R. at 22.) On December 8,

2004, the ABCMR's director sent Plaintiff a letter explaining that no further review of his claims from the ABCMR was available. (R. at 23.) Notwithstanding the ABCMR director's letter, Plaintiff again requested reconsideration on January 8, 2005. (R. at 14.) The ABCMR again refused to reconsider Plaintiff's claims. (R. at 13.) When Plaintiff once again sought review of his claims, the ABCMR sent Plaintiff yet another letter on January 18, 2006, reiterating that it would not reconsider its denial of relief. (R. at 5-6.)

Having at last given up on obtaining relief from the ABCMR, Plaintiff filed the instant suit on February 21, 2006. Plaintiff brings the same claims he raised before the ABCMR. In response, Defendants argue that the Court lacks jurisdiction over Plaintiff's claims. In the alternative, Defendants contend that they are entitled to summary judgment based on the administrative record. For the reasons below, I conclude that the Court indeed lacks jurisdiction over Plaintiff's claims because they are barred by the applicable statute of limitations.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 374,

3

377 (1994). In this regard, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[1] United States v. Mitchell, 463 U.S. 206, 212 (1983). Consequently, "statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature." Martinez v. United States, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc). Thus, if the applicable statute of limitations has expired, Plaintiff's claims are barred "without regard to whether the claim[s] would otherwise be meritorious." United States v. Dalm, 494 U.S. 596, 610 (1990).

Such is the case here. Non-tort monetary claims against the United States must be brought within six years "after the right of action first accrues." 28 U.S.C. § 2401(a); see also 28 U.S.C. § 2501 (applying same statutory period to claims "of which the United States Court of Federal Claims has jurisdiction"). This statute of limitations "applies to all civil actions, whether legal, equitable, or mixed." Spannaus v. United States Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); see also Kendall v. ABCMR, 996 F.2d 362, 365 (D.C. Cir.

---

[1] Although Plaintiff attempts to sue the Secretary of the Army and the individual members of the ABCMR, his suit is actually against the United States. See, e.g., Mason v. Judges of the U.S. Court of App., 952 F.2d 423, 425 (D.C. Cir. 1991) (holding that "a civil action against a federal official based on that person's official actions is a 'civil action commenced against the United States'").

4

1993). Assuming but not deciding that the Court might otherwise have jurisdiction over Plaintiff's claims,[2] the six-year period of limitations expired well before Plaintiff brought the instant case.

A cause of action against the United States accrues when all events affecting the alleged liability of the Government have occurred. Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993); see also Kosmo v. United States, 72 Fed. Cl. 46, 53 (2006). In other words, Plaintiff's claims accrued "at the time when he began to suffer an alleged disadvantage." Walters v. Sec'y of Defense, 725 F.2d 107, 114 (D.C. Cir. 1983). In this case, Plaintiff alleges that he suffered a disadvantage when the unfavorable NCOER was upheld in 1990. Thus, Plaintiff's claims accrued more than six years before Plaintiff sought relief from the ABCMR and fifteen years before Plaintiff brought the instant case.

Furthermore, in military pay cases, "the date of accrual . . . is the date on which the service member was denied the pay to which he claims entitlement." Martinez, 333 F.3d at 1313-14. Similarly, claims "involving failure to promote

---

[2] As Defendants correctly note, non-tort monetary claims in excess of $10,000.00 must be brought in the United States Court of Federal Claims. See 28 U.S.C. §§ 1346(a)(2) & 1491; see also Clinton v. Goldsmith, 526 U.S. 529, 539 n.13 (1999). Thus, whether the Court may exercise jurisdiction over Plaintiff's claims at all is dubious from the outset.

accrue on the date the application for promotion is denied." Sanders v. United States, 32 Fed. Cl. 573, 575 (1995). Thus, as a general rule, claims related to military pay can accrue no later than the date of the plaintiff's discharge. See, e.g., Hurick v. Lehman, 782 F.2d 984, 987 (Fed. Cir. 1986). Simply put, at the very latest, any claim that Plaintiff is entitled to back pay or retroactive promotion would have accrued by the time of Plaintiff's discharge in 1996, roughly ten years before he filed the case *sub judice*.

Finally, to the extent Plaintiff may cast his complaint as an attempt to obtain judicial review of the ABCMR's final decision in 1998 under the Administrative Procedures Act ("APA"),[3] rather than a direct challenge to the NCOER itself, his claims are still untimely. Plaintiff did not bring his complaint until 2006, more than six years after the ABCMR's 1998 decision. See Smith v. Marsh, 787 F.2d 510, 512 (10th Cir. 1986) (holding that challenge to ABCMR's denial accrues at the time of the decision); see also Blassingame v. Sec'y of Navy, 811 F.2d 65, 71 (2d Cir. 1987); Geyen v. Marsh, 775 F.2d 1303, 1309 n.6 (5th Cir. 1985). Thus, irrespective of the characterization of Plaintiff's suit, his claims clearly accrued more than six years before he filed the instant suit.

---

[3]See, e.g., Nihiser v. White, 211 F. Supp. 2d 125, 128 (D.D.C. 2002) (holding that final decision of ABCMR may be reviewed under the APA); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (discussing applicability of the APA).

In this regard, Plaintiff's repeated requests to the ABCMR for reconsideration did not serve to restart or toll the statute of limitations. Resort to the ABCMR is permissive, rather than mandatory, and therefore does not toll the period of limitations in military pay actions. See Kosmo, 72 Fed. Cl. at 54-55; see also D'Andrea v. United States, 27 Fed. Cl. 612, 614-15 (Fed. Cl. 1993). Thus, Plaintiff's resort to the ABCMR has no impact upon the (un)timeliness of any attempt to challenge the NCOER. Furthermore, to the extent Plaintiff is attempting to challenge the ABCMR's decision rather than the NCOER itself, his requests for reconsideration still would not restart or toll the statutory period. See Green v. White, 319 F.3d 560, 566 (3d Cir. 2003); see also Aubre v. United States, 40 Fed. Cl. 371, 377 (1998); Burton v. United States, 22 Cl. Ct. 706, 710 (1991).

Regardless, assuming arguendo that Plaintiff's claims are not time-barred, his claims are not justiciable. At bottom, Plaintiff requests retroactive promotion; however, his claim that he would have been promoted but for the unfavorable NCOER is completely speculative. More to the point, as the United States Court of Federal Claims has explained, "[a] court should not infringe upon the discretionary process of selection for promotion." Miller v. United States, 29 Fed. Cl. 107, 115 (1993); see also Doggett v. United States, 207

7

Ct. Cl. 478, 482 (1975) ("We have repeatedly refused to interject ourselves into the discretionary military promotion process even if legal error was in some respect committed as to the complaining serviceman."). More generally, courts are reluctant to interfere with discretionary matters such as military discipline and promotion. See, e.g., Goldman v. Weinberger, 475 U.S. 503, 507 (1986); see also Speigner v. Alexander, 248 F.3d 1292 (11th Cir. 2001). Put plainly, the Court does not have the authority to review the discretionary decision about which Plaintiff complains, which occurred roughly six years before Plaintiff was discharged and more than fifteen years before he filed the instant case. See, e.g., Johnson v. Reed, 609 F.2d 784, 789 (5th Cir. 1980). "Whatever control courts have exerted over tenure or compensation under an appointment, they have never assumed by any process to control the appointing power either in civilian or military positions." Orloff v. Willoughby, 345 U.S. 83, 90 (1953).

In sum, Plaintiff's complaint is subject to dismissal, as Plaintiff's claims are both untimely and non-justiciable.

### III. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, this case is **DISMISSED** without prejudice

for lack of jurisdiction, and Plaintiff's motion for summary judgment is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

# CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. § 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S.Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5:** The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c) **Fed.R.App.P. 4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d) **Fed.R.App.P. 4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e) **Fed.R.App.P. 4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. <u>Format of the notice of appeal</u>: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See also</u> Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4. <u>Effect of a notice of appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04